UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sheron Tyree Walters,

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

City Of New York, New York City Department of Correction (DOC), Manhattan Detention Center, Captain Violette, Corrections Officer Johnson, Corrections Officer Cordero #17334, Captain Thompson shield #1121, Corrections Officer Ruiz shield #17968, Anna Presley (captain) of O.S.I.U on Riker's Island, and Warden Moses of M.D.C,

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☑ Yes   ☐ No
(check one)

16 Civ. 1974 (LAP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/16

I.  **Parties in this complaint:**

A.  List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's  Name  Sheron Tyree Walters
ID#  349-15-12794
Current Institution  Manhattan Detention Center
Address  125 White Street
New York, N.Y. 10013

B.  List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name  City of New York   Shield #
Where Currently Employed  Corporation Counsel
Address  100 Church Street, 5th fl.
New York, N.Y. 10007

Defendant No. 2   Name Intake Captain Violetto in (MDC)   Shield # N/A
                  Where Currently Employed Manhattan Detention Center
                  Address 125 white Street
                  New York, NY 10013

Defendant No. 3   Name Corrections Officer Johnson   Shield # N/A
                  Where Currently Employed Manhattan Detention Center
                  Address 125 white Street
                  New York, NY 10013

> Who did what?

Defendant No. 4   Name Corrections Officer Cordero   Shield # N/A
                  Where Currently Employed Manhattan Detention Center
                  Address 125 white Street
                  New York, NY 10013

Defendant No. 5   Name Captain Thompson & C.O. Ruiz   Shield # 1121, 17968
                  Where Currently Employed Brooklyn House of Detention
                  Address 275 Atlantic Avenue
                  Brooklyn, New York, 11201

## II. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?

City of New York's Department of Correction facilities.

B. Where in the institution did the events giving rise to your claim(s) occur?

M.D.C. (6 North 12/15, Clinic 12/15) B.K.D.C. (5C 7 upper cell)

C. What date and approximate time did the events giving rise to your claim(s) occur?

12.15.2015 (Assaults by other prisoners)
3.22.2016 (Assault, Battery, & Excessive Force by Guards)

D. Facts: Plaintiff amends this complaint with the addition of facts related to various constitutional violations through the use of 'Attatchments 1-3 through 3-3 (fact sheets) and an Affidavit in support of civil rights claims and it's Attachments

> What happened to you?

Rev. 01/2010

2

(Exhibits) This is an failure to protect, state tort negligence, excessive use of force, state tort of Assault and Battery, failure to train, inadequate supervision of subordinates, violation to personal privacy, and due process. CLAIM for RELIEF.

All defendants are liable jointly and severally for plaintiffs deprivation of rights secured by the 8th and 14th amendments to the United States Constitution and the Rules of the City of New York.

**Was anyone else involved?**

★ See pages 1-3, 2-3, and 3-3 to get all relevant claims and injuries.

**Who else saw what happened?**

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

I sustained both physical and mental injury as a result of my constitutional rights being violated. Facility injury reports and Medical Reports should be referenced to.

SEE ATTACHMENTS
FOR SPECIFIC INJURIES (BY DATE)

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ____

Failure To ?, State Tort Negligence, Privacy Act

D. Facts: I Sheron Tyree Walters am the plaintiff in the above captioned case. I am bringing to this court a claim in which my Constitutional Rights have been violated by the City Of New York and employees of the New York City Department of Corrections. I was committed to the custody of the Department November 9, 2015. During the intake process in the Manhattan Detention Center (MDC) I expressed my fears and Safety concerns with officers conducting reception duties. I was referred to intake area Supervisor Captain Violette (also known as Captain "V") an heavy set african american woman. I made facility personnel aware that I had been wrongfully classified as a member or suspected member of the Crips. I assured Captain Violette that I wasn't, requested removal from the SRG list along with protective custody placement. My requests were denied without explaination and I was told that "I could not hide in intake". I was threatened to comply with facility cell assignment. I also expressed with Captain Violette my concerns about being placed in the facility under the condition that inmates end up with the SRG List and use them to conspire, and assault one another. She was deliberately indifferent to my safety. I was forced to be housed with the Bloods & Trinitaros both of whom are enemies of the Crips. I was assaulted (see attachments) Twice!!

1-3 MODIFIED TO FIT SPACE

III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. — SEE ~~~~~~ WOVEN — AFFIDAVIT OF SUPPORT

(1) Mild Concussion, lacerations (Physical) - December 15, 2015 (MEDICALLY TREATED)
(2) Deliberate Indifference (Constitutional injury)
(3) State Tort of Negligence (For Captain Violettes Misconduct)
(4) State Tort of Negligence (For Corrections Officer Johnson who worked the 3-11pm shift in MDC and (5) Anna Presley Head of O.S.I.U on Rikers Island
And (6) State Tort of Negligence For All officers on duty in the MDC clinic on 12/15/2016

IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓  No ___

Rev. 05/2010

(1-3)

Page 1-3 contains civil rights claims of violations of constitutional rights of prisoners.

INADEQUATE SUPERVISION OF SUBORDINATES, VIOLATION OF DUE PROCESS

D. Facts: On December 18, 2015 on the 3pm-11pm shift in the 17A housing area in the G.R.V.C facility, I Sheron Walters was served a falsely written "Report and Notice of Infraction". The report accuses myself and another inmate of assaulting an inmate by the name of Daran Wilkins in the clinic of the Manhattan Detention Center. This report was untrue because I was the one being assaulted in the incident and I was actually "saved" by the inmate the report claims committed the "unprovoked assault". I wrote 2 grievances concerning both two gang assaults and the falsely written Infraction. I was never seen by anyone, but was told that my grievances did not fall under the purview of the I.G.R.P. but will be forwarded to the deputy warden. I have gotten no response from any warden. I went to the infraction hearing in G.R.V.C, and asked for witnesses to help me get the real story. The hearing was adjourned so that I could get the witnesses' testimony's, but I was never called back to complete the hearing. I recieved no disposition, nor was I sent to the box. I believe that I was not called back because the department was wrong for maliciously prosecuting me, and they knew my testimony was correct.

III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

For this incident I suffered much mental stress as well as a mild concussion and lacerations from the assaults. I suffered mentally because I was not only assaulted, but (insulted) given an infraction behind the deliberate indifference of the personnel at Manhattan Detention Center.

IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ___

Page 2-3 contains both federal and state tort claims of negligence and due process.

ASSAULT, BATTERY; CRUEL AND UNUSUAL PUNISHMENT.

D. **Facts:** On March 22, 2016 in the 5C (48 Hour Review) housing unit during the 3pm-11pm shift, I was assaulted and battered by Security Captain Thompson shield # 1121, and officer Ruiz, Shield # 17968. I was also sprayed in the face, and on the body with the chemical agent named Mk-9 (while naked) over 5 times by officer Ruiz, at the direction of Captain Thompson after I was punched in the face and stomped by the officers. I did nothing to provoke any of the officers. All of this was done in front of another prisoner named Darius Henry, whose Book & Case # is 895-15-01944. He was assigned to 5C Housing area Cell # 8 upper, and was standing on the tier in front of his cell when the Assault took place (until he was told to lock back in his cell). I suffered injuries to both my left ear and nose. My face was bleeding and cut. I was left in the cell screaming blind and short of the oxygen I desperately needed without an inhaler (I have Asthma) until I was saved by officer (Captain Richardson). Captain Thompson changed his white uniform shirt because I bled on it, and he also made another officer claim use of force.

*(margin labels: What happened to you? / Who did what? / Was anyone else involved? / Who else saw what happened?)*

III. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

I could not hear out of my left ear at all for about 5 days. I can hardly hear now. My nose was swollen and bled for 3 days. My face was cut (lacerations), and my eyes and whole body burned severely from the 22nd of March until the 30th (Due to the excessive use of the pepper spray

IV. **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

M.D.C and B.K.D.C

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓   No ___   Do Not Know ___

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ___   No ✓   Do Not Know ___

If YES, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ___   No ✓

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ✓   No ___

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

IN G.R.V.C and B.K.D.C

1. Which claim(s) in this complaint did you grieve?

All claims were grieved

2. What was the result, if any?

wasn't subject to the purview of the grievance process.

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.

I was told that all remedies were exhausted. I started to write outside city agencies like Prisoner's Rights Project or Board of Correction making complaints.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

*Rev. 01/2010*          4

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

ATTACHED ARE GRIEVANCES AND DISPOSITIONS to support my Exhaustion requirement completion, Along with letters to Department of Correction, and AFFIDAVIT of ASSAULT WITNESS.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).[1] I am suing the City of NEW York for $6,000,000 (Six Million U.S. DOLLARS) in compensatory, punitive, and nominal damages, for violation of my Constitutional rights and the rights of prisoners. (2) I am suing Captain Thompson, Corrections officers Ruiz and Cordero for $50,000 (Fifty Thousand U.S. Dollars each, to be paid Jointly or Severally. (3) I am suing all other defendants for $25,000, (Twenty Five Thousand U.S. Dollars) each to be Paid Jointly or Severally. I would Also like injunctive relief in an order that security information not be given to non-security personnel to prevent leakage of confidential information.

_____
_____
_____

**VI.     Previous lawsuits:**

<div style="float:left">**On these claims**</div>

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

   Yes _____   No ✓___

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____

   _____ 3.   Docket or Index number _____
   _____ 4.   Name of Judge assigned to your case _____
         5.   Approximate date of filing lawsuit _____
         6.   Is the case still pending?  Yes _____  No _____
              If NO, give the approximate date of disposition _____
         7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____

<div style="float:left">**On other claims**</div>

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
   Yes _____   No ✓___

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2.   Court (if federal court, name the district; if state court, name the county) _____

   _____ 3.   Docket or Index number _____
   _____ 4.   Name of Judge assigned to your case _____
         5.   Approximate date of filing lawsuit _____

*Rev. 01/2010*                                   6

6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 6th day of MAY, 2016.

Signature of Plaintiff    Sheron J. Walters all rights RESERVED.
Inmate Number            349-15-12794
Institution Address      Manhattan Detention Center
                         125 White Street
                         New York, N.Y. 10013

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 6th day of MAY, 2016, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Sheron J. Walters

*Rev. 01/2010*                                  7